## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELA ROHR, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>　　　　Defendants. | **ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**<br><br>Case No. 2:24-cv-00659<br><br>District Judge Ann Marie McIff Allen |

Plaintiffs Angela Rohr, Louis Rohr, Gina Martinez-Ferrate, Andre Martinez-Ferrate, and Marylin Westenskow, proceeding pro se, allege that they are "independent presidential elector candidates" pledged to Shiva Ayyadurai and Crystal Ellis, independent candidates for, respectively, President and Vice President of the United States.[1] On September 9, 2024, Plaintiffs filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction," requesting that the Court "enjoin [Defendants] from removing Plaintiffs . . . from the Utah Ballot for the November 5, 2024 General Election."[2] This motion comes to the Court on an ex parte basis, as Plaintiffs seem to acknowledge that they are still in the process of serving Defendants with summonses.[3]

---

[1] ECF No. 3 at 1, 4–5; *see also* ECF 1 at 2.
[2] *Id.* at 1.
[3] *See id.* at 11 ("Defendants have received the Plaintiffs' Verified Complaint and this Motion. Plaintiffs are also serving each Defendant with summons and complaint on an expedited basis via email.").

The Court may only issue a temporary restraining order without notice to the opposing parties or their counsel if, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse part[ies] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Nothing in Plaintiffs' materials indicates any of the anticipated harm that is within the scope of the motion is sufficiently imminent to justify a restraining order before Defendants are duly notified of these proceedings and given an opportunity to respond. For example, Plaintiffs contend that Defendants have harmed them by "removing" them from election ballots that will soon be printed,[4] but Plaintiffs acknowledge that, as alleged prospective electors for the offices of President and Vice President (as opposed to candidates for those offices), their names would not appear on those ballots in any event.[5] *See* Utah Code Ann. § 20A-6-301(2)(c). Accordingly, the Court denies Plaintiffs' request for an ex parte temporary restraining order without prejudice. Plaintiffs' request for a preliminary injunction remains pending.

Additionally, Plaintiffs must properly serve Defendants with summonses and the Complaint, in accordance with Rule 4 of the Federal Rules of Civil Procedure, along with a copy of their Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Once service has been accomplished on all Defendants, Plaintiffs' may request a date for a hearing to determine status and set a schedule for further proceedings.

DATED this 9th day of September 2024.          BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[4] ECF 3 at 1–2; *see also* ECF 1 at 2, 25–26.

[5] *See* ECF 1 at 19. The Court notes that the candidates to which Plaintiffs are apparently pledged are not party to this action, and the question of whether those candidates qualify for placement on the ballot is not at issue.