# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELA ROHR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Case No. 2:24-cv-00659-AMA-DBP<br><br>District Judge Ann Marie McIff Allen |

Before the Court are Plaintiffs *pro se* Angela Rohr, Louis Rohr, Gina Martinez-Ferrate, Andre Martinez-Ferrate, and Marylin Westenkow's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion").[1] Defendants State of Utah, Office of the Lieutenant Governor, Diedre Henderson, Shelly Jackson, and Ryan Cowley oppose the Motion ("Opposition").[2] This Court previously denied the portion of the Motion requesting a temporary restraining order.[3] The Court now considers the request for preliminary injunction. Upon consideration of the Motion, Memorandum of Clarification, Opposition thereto, the hearing held on September 19, 2024, relevant law, and underlying facts of the case, the Court DENIES Plaintiffs' Motion for preliminary injunction.

---

[1] ECF No. 3.

[2] ECF No. 18.

[3] ECF No. 8.

1

## I. BACKGROUND

Plaintiffs support two individuals that are allegedly running for the offices of United States President and Vice President, Shiva Ayyarudai and Crystal Ellis.[4]

Mr. Ayyarudai and Ms. Ellis have struggled to establish their candidacies in Utah under Utah State's application of federal and state law.[5] Mr. Ayyarudai's declaration for candidacy was originally accepted by the Lieutenant Governor's Office on June 18, 2024.[6] The office then subsequently removed Mr. Ayyarudai for not meeting the "natural born citizen" requirement pursuant to the U.S. Constitution because he became a U.S. citizen through the naturalization process.[7]

Utah allows presidential candidates unaffiliated with a party to name their presidential electors. Utah Code Ann. § 20A-13-301(1)(c). Mr. Ayyarudai allegedly named Plaintiffs and others as his presidential electors as part of his original declaration for candidacy.[8] After the Lieutenant Governor's Office removed Mr. Ayyarudai from the Utah ballot, Plaintiffs allege that they also were removed from the ballot as electors.[9] Plaintiffs then brought this action because they believe that they are entitled to act as presidential electors in the coming November General Election.[10]

---

[4] ECF No. 3, at 3-5.

[5] ECF No. 3, at 5-7; *see also* ECF No. 18, at 2-3.

[6] ECF No. 19, at 3 ¶¶ 13-14; *see also* ECF No. 3, at 4-5.

[7] ECF No. 3, at 7.

[8] *See* ECF No. 3, at 4-5.

[9] ECF No. 3, at 5-6.

[10] *See* ECF No. 3, at 3-7, 11; Hearing Transcript, at 8-9.

Plaintiffs allege that (1) they themselves were on the ballot "under the banner of their Pledged Candidate 'Shiva Ayyarudai'" as electors for the election, (2) were taken off pursuant to the Lieutenant Governor's Office's actions, and (3) seek to be reinstated.[11] Therefore, Plaintiffs request that this Court "enjoin the Defendants from removing the Plaintiffs and [six others] from the Utah Ballot for the November 5, 2024 General Election."[12]

## II. LEGAL STANDARDS

### A. Article III Standing

Courts established under Article III of the U.S. Constitution are empowered to hear and resolve "Cases" and "Controversies." U.S. CONST. art. III, § 2. Though many issues may be presented as a case or a controversy, Article III courts may only hear those that are "appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (internal citation omitted). This principle has led to the Article III standing doctrine. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing is a threshold jurisdictional question. *See, e.g., United States v. 148,840.00 in United States Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008).

To have standing to bring a claim, a plaintiff must have (1) suffered an injury in fact, (2) a traceable connection between the injury and alleged conduct, and (3) an injury that will be redressed by a favorable court decision. *Id.* at 560-61 (internal citations omitted). To assert an injury in fact, the alleged injury must be (a) concrete

---

[11] ECF No. 3, at 3-7, 11; Hearing at 8-9.

[12] ECF No. 3, at 11.

and particularized and (b) actual or imminent, not conjectural or hypothetical. *Id.* at 560. A "particularized" injury "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 338, 339 (2016) (internal citations omitted).

Plaintiffs "raising only a generally available grievance about government . . . do[] not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. A generally available grievance about government arises when Plaintiffs "claim[] only harm to [their] and every citizen's interest in proper application of the Constitution and laws, and seek[] relief that no more directly and tangibly benefits [them] than it does the public at large . . . ." *Id.*

### B. Preliminary Injunction

To obtain a preliminary injunction, the moving party must demonstrate that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *See, e.g., Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (internal citations omitted).

"At the preliminary injunction stage, then, [] plaintiff[s] must make a 'clear showing' that [they are] 'likely' to establish each element of standing." *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) (internal citation omitted). Plaintiffs "bear the burden of establishing standing . . . ." *Id.* (internal citation omitted).

### III. ANALYSIS

**A. Plaintiffs lack an injury in fact because their names were never on the Utah ballot and they have no right to be presidential electors.**

Plaintiffs allege that they are injured because they were on the Utah ballot on June 18, 2024 "under the banner of their Pledged Candidate 'Shiva Ayyarudai'" as electors for the general election. This construction is erroneous. Plaintiffs' names were never on the Utah ballot. And the name "Shiva Ayyarudai" represents only the natural person seeking candidacy in the general election. *See* Utah Code Ann. § 20A-9-101(1)(a) ("'Candidates for elective office' means persons who file a declaration of candidacy . . . to run in a regular general election . . . ."); Utah Code Ann. § 20A-6-302 (lacking any mention of presidential electors on the Utah ballot). Indeed, Utah law makes certain that "[c]andidates for elective office" explicitly excludes presidential electors. § 20A-9-101(1)(b). Thus, Plaintiffs were not on the Utah ballot as presidential electors.

Further, there is no cognizable, unfettered right to be a presidential elector. *See Chiafalo v. Washington*, 591 U.S. 578, 589 (2020) ("the power to appoint an elector (in any manner) includes power to condition his appointment . . . ."). The U.S. Constitution commands "[e]ach State [to] appoint, in such Manner as the Legislature thereof may direct, a Number of Electors" for the office of President of the United States. U.S. CONST. Art. II, § 1, cls. 1-2. Utah has created such a process through the Utah Election Code. Utah Code Ann. §§ 20A-13-301 — 20A-13-304.

As relevant in this case, "[a]n unaffiliated candidate or write-in candidate for the office of president of the United States shall . . . certify to the lieutenant governor

5

the names and addresses of each individual selected by the candidate as a presidential elector for the candidate . . . ." § 20A-13-301(1)(c). Those electors later vote for the President and Vice President of the United States. U.S. CONST. Amend. XII; Utah Code Ann. § 20A-13-304.

Therefore, a logical forerunner to the appointing of a presidential elector under § 20A-13-301(1)(c) is an unaffiliated or write-in candidate for the office of president of the United States. Those candidates must be certified by the Lieutenant Governor according to federal and state qualifications. U.S. CONST. Art. II, § 1, cl. 5 (eligibility for the office of President); Utah Code Ann. § 20A-9-701(1) ("an individual shall: (a) be a United States citizen; (b) meet the legal requirements of that office . . . ."); §§ 20A-9-501 – 20A-9-504 (explaining the procedural requirements for candidates not affiliated with a party).

Here, there is no relevant unaffiliated or write-in candidate. Shiva Ayyadurai is not certified by the Lieutenant Governor as an unaffiliated or write-in candidate that will appear on the Utah ballot. He is also not a party to this suit and does not challenge the Lieutenant Governor's removal of his name from the Utah ballot. Plaintiffs cannot bring an action on behalf of Mr. Ayyarudai. Fed. R. Civ. P. 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest."). This is a generally available grievance about the electoral process about which any citizen may complain because virtually any citizen may be appointed as a presidential elector. Plaintiffs have no right to demand that their names be included as presidential electors in this case. Therefore, Plaintiffs lack a concrete or particularized injury in

6

fact because their names were not on the ballot and they had no right to act as presidential electors.

### B. This Court lacks redressability because it cannot confer upon Plaintiffs presidential electorship generally.

Finally, because Plaintiffs' names did not appear on the ballot and they have no right to be presidential electors, this Court lacks any way to redress the Plaintiffs' alleged injuries. No command from this Court can confer presidential electorship on the Plaintiffs. *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) ("States retain the power to regulate their own elections." (internal citations omitted)). In the State of Utah, presidential electorship is a privilege bestowed by the potential candidate. § 20A-13-301(1)(c). And here Shiva Ayyarudai is not a candidate to bestow this privilege on Plaintiffs. The Court thus lacks redressability. Consequently, Plaintiffs lack Article III standing because there is no injury in fact nor redressability.

### IV. CONCLUSION

This Court therefore DENIES Plaintiffs' Motion for lack of Article III standing.

SIGNED this 18th day of October 2024.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge