UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANGELA ROHR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF UTAH, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFFS' VERIFIED COMPLAINT** <br><br> Case No. 2:24-cv-00659-AMA-DBP <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Dustin B. Pead |

On September 9, 2024, *pro se* Plaintiffs filed their Emergency Motion for Temporary Restraining Order and Preliminary Injunction.[1] This Court denied the motion because Plaintiffs lacked Article III injury in fact and redressability for a preliminary injunction.[2] Later, the Court issued an order to show why this case should not be dismissed for lack of Article III standing.[3] The parties have briefed the issue.[4] For the reasons included in its prior Order,[5] and as further explained below, the Court will DISMISS Plaintiffs' Verified Complaint for lack of Article III standing.

---

[1] Docket No. 2:24-cv-659, ECF No. 3.

[2] Memorandum Decision and Order on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Order Denying Preliminary Injunction"), ECF No. 23.

[3] Order to Show Cause, ECF No. 28.

[4] Plaintiffs' Brief, ECF No. 29; Defendants' Response to Order to Show Cause RE: Standing ("Opp'n"), ECF No. 30; Plaintiffs' Response to Defendants' Response to Order to Show Cause RE: Standing ("Reply"), ECF No. 31.

[5] Order Denying Preliminary Injunction, ECF No. 23.

1

## I. BACKGROUND

In preparation for the 2024 General Election, Plaintiffs filed Certificates of Nomination with the Utah Office of Lieutenant Governor seeking to be listed as presidential electors for the State of Utah, designated and pledged for the candidacy of Dr. Shiva Ayyarudai ("Dr. Shiva") for President of the United States.[6] Dr. Shiva submitted a Declaration of Candidacy to be placed on the ballot in Utah as a candidate for the office of President of the United States.[7]

In a letter dated July 17, 2024, the Lieutenant Governor's Office informed Dr. Shiva that he was disqualified from the Utah ballot because he was not a "natural born citizen" and was thus constitutionally ineligible to run for the office of President of the United States,[8] which resulted in Plaintiffs' non-selection as presidential electors.

On September 9, 2024, Plaintiffs brought this suit against relevant Utah state actors under 42 U.S.C. § 1983 alleging First and Fourteenth Amendment and Due Process violations for deprivation of the right to vote as presidential electors.[9] Plaintiffs seek injunctive, monetary, and declaratory relief.[10] Dr. Shiva is not a party to this suit.

---

[6] Verified Compl., ECF No. 1, at 2 ¶ 1.

[7] *See id.* at 13 (letter sent from the Office of the Lieutenant Governor to Dr. Shiva rejecting his declaration of candidacy).

[8] *Id.*

[9] *See id.* at 2 ¶ 1, 7 ¶¶ 17-18, 22 ¶ 48, 29 ¶ 77 (Plaintiffs alleging that their First and Fourteenth Amendment and Due Process rights were violated because they were removed from the Utah ballot resulting in deprivation of the opportunity to vote as presidential electors in the 2024 General Election.).

[10] *Id.*

## II. LEGAL STANDARD

"The law of Art. III standing is built on a single basic idea – the idea of separation of powers." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 422 (2021) (cleaned up, citation and quotation marks omitted). To have Article III standing to bring a claim, a plaintiff must have (1) suffered an injury in fact, (2) a traceable connection between the injury and alleged conduct, and (3) an injury that will be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted). Plaintiffs "bear[] the burden of establishing standing as of the time [they] brought the lawsuit and maintaining it thereafter." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (cleaned up).

## III. ANALYSIS

### A. Injury in Fact

The U.S. Constitution commands that "[e]ach State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors . . . ." U.S. CONST. art. II, § 1, cl. 2. Relevant Utah law requires that presidential electors be "selected by" an "unaffiliated or write-in candidate for the office of President of the United States . . . ." Utah Code Ann. § 20A-13-301(1)(c). Dr. Shiva was disqualified as a candidate for the office of President of the United States. Plaintiffs were thus not selected as presidential electors. "[R]aising only a generally available grievance about government . . . does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. No citizen has an unfettered right to be selected as a presidential elector, therefore Plaintiffs' grievance creates no Article III injury.

Plaintiffs also allege that they were entitled to notice of removal when Dr. Shiva was disqualified from the Utah ballot.[11] However, Plaintiffs' cited statutory language refers only to notice to a candidate. Utah Code § 20A-9-202(5)(a)-(c). The relevant candidate here, Dr. Shiva, is not a party and has not challenged his disqualification or ensuing notice. Plaintiffs may not do so for him.

### B. Redressability

As to redressability, Plaintiffs claim that the Court may (1) enjoin Plaintiffs' removal from the Utah ballot and the printing of ballots for the election; (2) award monetary damages; and, (3) declare that the state erroneously removed Plaintiffs from the Utah ballot because they could have become electors to vote for whomever they chose, and that the state prematurely adjudicated the matter.[12]

#### 1. *Injunctive Relief*

As explained in the Court's previous Order, Utah's legislature elected to have the candidate running for the office of President of the United States appoint presidential electors. Utah Code Ann. § 20A-13-301(1)(c). That Plaintiffs have expended time, effort, and resources to qualify for this appointment is unfortunate, but it cannot change the Constitution's delegated authority to the state legislature to facilitate elector appointments. As the Court stated in its previous decision, "[n]o command from this Court can confer presidential electorship on the Plaintiffs."[13]

---

[11] Verified Compl., ECF No. 1, at 28.

[12] Verified Compl., ECF No. 1, at 3; Reply, ECF No. 31, at 5-6.

[13] Order Denying Preliminary Injunction, ECF No. 23, at 7.

### 2. *Monetary Damages*

Plaintiffs do not specify the type of monetary damages they seek, so the Court will read the request broadly, consistent with its duty to construe *pro se* filings liberally. *Lundahl v. Halabi*, 600 Fed. Appx. 596, 600-01 (10th Cir. 2014) (internal citations omitted). Plaintiffs may mean nominal, compensatory, or punitive damages. Plaintiffs may also refer to their request for attorney's fees and costs.

Plaintiffs' allegations are not redressable by nominal, compensatory, or punitive damages because they do not sufficiently allege an actual injury or violation of a federally-protected legal right. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021) ("[A] request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right."); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986) ("no compensatory damages c[an] be awarded for violation of [a constitutional] right absent proof of actual injury."); *Evans v. Fogarty*, 241 Fed. Appx. 542, 564 (10th Cir. 2007) ("Punitive damages are available in § 1983 actions . . . only . . . 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'").

Plaintiffs allege that they were denied the opportunity to vote as presidential electors in reckless disregard of their due process and equal protection rights.[14] However, Plaintiffs had no legal right to vote as presidential electors. As Plaintiffs acknowledge, ballot access for presidential electorship comes only when the potential

---

[14] Verified Compl., ECF No. 1, at 25 ¶ 60.

presidential electors "fulfill[] the state requirements."[15] Dr. Shiva was found unqualified to be a candidate and so could not select Plaintiffs as presidential electors. Plaintiffs therefore did not meet state requirements to vote as presidential electors, so there is no alleged violation of a federally-protected legal right which monetary damages may redress.

Plaintiffs also seek costs and attorney's fees under 42 U.S.C. § 1988(b),[16] however, given that Plaintiffs have proceeded *pro se*, and are not a "prevailing party," the Court need not consider this request further. 42 U.S.C. § 1988(b) (awarding costs and attorney's fees to a prevailing party); *Kay v. Ehrler*, 499 U.S. 432, 433-38 (1991) (holding that *pro se* plaintiffs cannot receive attorney's fees, even when one of them is an attorney representing herself).

### 3. *Declaratory Relief*

The Court cannot grant declaratory relief by ruling Plaintiffs could have become electors to vote for whomever they chose.[17] In Utah, presidential electors may not vote for anyone other than those for whom they pledged their vote. Utah Code § 20A-13-304(3) (With only a couple exceptions irrelevant here, a presidential elector who votes for someone other than the candidate they nominated "is considered to have resigned from office of elector, the elector's vote may not be recorded, and the remaining electors shall appoint another individual to fill the vacancy."); *Chiafalo v. Washington*, 591 U.S. 578, 581 (2020) (upholding such punitive statutes).

---

[15] Reply, ECF No. 31, at 6.

[16] Verified Compl., ECF No. 1, at 7 ¶ 18.

[17] Verified Compl., ECF No. 1, at 7 ¶ 18.

Further, though dubious is the assertion that Dr. Shiva's disqualification was meritless, *see Hassan v. Colo.*, 495 Fed. Appx. 947, 948-49 (10th Cir. 2012) (affirming removal from the ballot a naturalized citizen as candidate for the office of President of the United States), the Court will not assess the reasons he was disqualified. He is not a party to this case, so the issue is not properly before the Court.

## IV. ORDER

"If a plaintiff lacks standing, the court lacks subject-matter jurisdiction." *Ceska zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1259 (10th Cir. 2023) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court therefore DISMISSES this case for lack of Article III standing.

SIGNED this 15th of May 2025.

BY THE COURT:

_____
Hon. Ann Marie McIff Allen
United States District Judge